■ In the Matter of THOMAS P. SARRO, Petitioner, v NEW YORK CITY

BOARD OF EDUCATION et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent New York City Board of Education (Board of Education) which confirmed a determination of Community School District No. 20, made after a hearing, that petitioner was guilty of certain charges of misconduct and suspended him from his employment for a period of five years. Petition granted to the extent that the determination is modified, on the law, by reducing the period of petitioner's suspension to three years. As so modified, determination confirmed and petition otherwise dismissed, on the merits, without costs or disbursements. Petitioner was licensed by the Board of Education in 1965 and for seven years thereafter he taught social studies in the high school system and received satisfactory ratings and evaluations in all respects. In the spring of 1972 he successfully applied for a position in the Satellite Program at a junior high school in Brooklyn for the school year commencing in September, 1972. The Satellite Program was a special program which placed emotionally disturbed students, maladjusted students and students with serious disciplinary problems in one classroom. The record indicates that these children were indeed foulmouthed, disobedient, and virtually impervious to authority. Indeed, the record further indicates that the Director of the Satellite Program specifically instructed the petitioner that the class was on a behavior modification modality, and directed him to ignore rather than to interfere with the conduct of the students. Our review of the record indicates that petitioner's conduct, which serves as the basis of the charges and specifications filed against him, was a direct result of the deliberate provocation of petitioner by the students in the satellite class. Accordingly, although petitioner was obligated to maintain his composure in his relationship with the children and to obey the lawful directives of his superiors, his lapses, while not excusable, are understandable. In this context we find the penalty imposed, i.e., a five-year suspension, to be "shocking to one's sense of fairness" (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). This penalty is clearly tantamount to a dismissal, since petitioner's teaching skills will surely dull from such a period of disuse. Such a severe penalty cannot be sanctioned when imposed on one whose record was without blemish, until he volunteered for a virtually impossible task which most of his colleagues would not even have attempted. Accordingly, the penalty imposed should be reduced to a three-year suspension. Martuscello, J. P., Titone, Suozzi and Cohalan, JJ., concur.